**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 108949

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTHONY R LAMONICA, <br><br> Plaintiff, <br><br> vs. <br><br> ALLIED INTERSTATE LLC, <br><br> Defendant. | Docket No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

ANTHONY R LAMONICA (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against ALLIED INTERSTATE LLC (hereinafter referred to as "*Defendant*"), as follows:

### INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA") and New York General Business Law ("NYGBL") § 349.

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in New Albany, Ohio.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by written correspondence. ("Exhibit 1.")

14. Defendant's written correspondence to Plaintiff is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. As set forth in the following Counts, Defendant's communication violated the FDCPA and NYGBL.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIRST COUNT
### Violation of 15 U.S.C. § 1692f

16. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

17. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

18. 15 U.S.C. § 1692f(8) limits the language and symbols that a debt collector may place on envelopes it sends to consumers.

19. 15 U.S.C. § 1692f(8) prohibits a debt collector from using any language or symbols on the envelope, other than the debt collector's address, when communicating with a consumer by mail, except that a debt collector may place its business name on the envelope if such name does not indicate that the debt collector is in the debt collection business.

20. 15 U.S.C. § 1692f(8)'s prohibition applies to language and symbols both on the envelope, and language and symbols visible through any glassine window of the envelope. *See, Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3rd Cir 2014).

21. Defendant used language other than Defendant's address and business name, on the envelope it sent to Plaintiff.

22. Defendant has violated § 1692f by using language other than Defendant's address and business name, on the envelope it sent to Plaintiff.

## SECOND COUNT
### Violation of New York General Business Law § 349

23. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

24. Defendant owed a duty to Plaintiff to effect its collection of Plaintiff's alleged debt with reasonable care.

25. Defendant's conduct as described herein shows a lack of exercise of reasonable care in Defendant's collection of the alleged debt.

26. Defendant breached its duty to collect Plaintiff's alleged debt with reasonable care.

27. Defendant's conduct was committed by Defendant in the conduct of a business, trade or commerce or the furnishing of a service in New York State and constitutes a violation of NY GBL § 349(a).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

28. Defendant's conduct was consumer-orientated in that the letter was sent in an effort to collect an alleged consumer debt.

29. Defendant's conduct has a broader impact on consumers at large as, upon information and belief, Defendant has sent the subject form letter to hundreds of consumers.

30. Plaintiff is a reasonable consumer.

31. Defendant's conduct would mislead a reasonable consumer.

32. Defendant engaged in a material deceptive act or practice as described herein.

33. Defendant's conduct caused plaintiff to suffer injury.

34. Defendant violated NY GBL § 349(a) and is liable to Plaintiff pursuant to NY GBL § 349(h).

## JURY DEMAND

35. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Damages against Defendant pursuant to NYGBL § 349; and

d. Plaintiff's actual damages; and

e. Plaintiff's costs; all together with

f. Such other relief that the Court determines is just and proper.

DATED: June 1, 2015

**BARSHAY SANDERS, PLLC**

By: _/s/ Craig B. Sanders_____
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055

csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 108949

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530